69 F.3d 538
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard COLBERG, William Langson, and Armando Ruiz (a/k/a
Gregory Cote), Defendants-Appellants.
 Nos. 94-2173, 94-2194 and 94-2195.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1995.
 
 Before: KRUPANSKY, MILBURN, and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendants-appellants, Richard Colberg, William Langson, and Armando Ruiz (a/k/a Gregory Cote) have each contested their respective sentences, and Colberg and Langson have each challenged their respective convictions, for conspiracy to manufacture methcathinone,[1] and for possession of essential precursor chemicals utilized in the production of methcathinone with the intent to produce that narcotic, between approximately August 29, 1991 and December 16, 1992. On the morning of trial, Ruiz pled guilty to conspiracy. A jury convicted both Colberg and Langson of conspiracy. Colberg was further found guilty of the possession charges whereas Langson was acquitted of the possession count against him. The trial court sentenced Colberg to 55 months of imprisonment, Langson to 45 months of incarceration, and Ruiz to 96 months of penal confinement, each term to be followed by three years of supervised release.
 
 
 2
 Each of the three defendants has averred that the sentencing court attributed an inflated quantity of methcathinone to him. The factual determinations of the district court, including drug quantification, are reviewable only for clear error. However, questions of law, including the correct application of the United States Sentencing Guidelines (U.S.S.G.), are subject to plenary review. See, e.g., United States v. Gessa, 971 F.2d 1257, 1261 (6th Cir.1992) (en banc ). This appellate court finds no clear error in the lower court's quantification of the amount of ephedrine (an essential precursor substance in the production of methcathinone) attributed to each defendant. However, this court agrees with the defendants that the sentencing court applied a legally erroneous conversion factor in the calculus of converting ephedrine to methcathinone, which yielded overstated methcathinone quantifications.[2]
 
 
 3
 In purported reliance upon United States v. Baker, 852 F.Supp. 609 (W.D.Mich.1994), aff'd sub nom. United States v. Pavlik, Nos. 93-2494, 94-1132/1189/1191, 1995 WL 59227, 1995 U.S.App. LEXIS 3002 (6th Cir. Feb. 13, 1995) (per curiam ), the instant trial court adopted a 50% ephedrine to methcathinone yield ratio as a matter of law. However, following sentencing of these defendants in October 1994, the Sixth Circuit decided United States v. Mahaffey, 53 F.3d 128 (6th Cir.1995), which rejected the utilization of a "standard" 50% yield ratio in methcathinone cases. Rather, in each case in which the sentencing court must estimate the amount of methcathinone which was synthesized from a given quantity of ephedrine, the government must prove, by a preponderance of the evidence, the capacity of the individual methcathinone conversion laboratory at issue.[3] Id. at 132-33. Such proof may be supplied by expert affidavits or testimony anchored in the physical capabilities of the particular laboratory. Id. In the case at bench, no evidence was developed which addressed the factual question of the conversion capacity of Ruiz's methcathinone laboratory, and accordingly the district court made no findings regarding the conversion potential of Ruiz's facility, but instead espoused the 50% yield ratio announced by the trial court in Baker, wherein the evidence supported the 50% yield ratio.
 
 
 4
 Ruiz's laboratory was at least partially destroyed by fire prior to the arrest of the defendants. However, some evidence of record reflected that the actual conversion capacity of Ruiz's laboratory was, at minimum, approximately 37.8%, rather than 50%. Ruiz admitted that on at least one occasion he converted 12,000 ephedrine pills (or 300 grams of ephedrine) into 4 ounces (or 113.4 grams) of methcathinone, which produces a ratio of 113.4/300 = .378. Accordingly, based upon Ruiz's admission, the district court could have reasonably found that the capacity of Ruiz's equipment was at least 37.8%. Indeed, the district court used the .378 factor in sentencing Ruiz for those 12,000 ephedrine units, rather than the 50% ratio which it applied to all other ephedrine tablets involved in this case.
 
 
 5
 Assuming arguendo that the actual technical capacity of the laboratory at issue was 37.8%, the quantification calculation for Colberg would be 60,000 ephedrine tablets X 25 milligrams of ephedrine per tablet = 1,500 grams of ephedrine; 1,500 grams X .378 = 567 grams of methcathinone; 567 grams X 380 grams of marijuana = 215.46 kilograms of marijuana. See U.S.S.G. Sec. 2D1.1, Application Note 10 (Drug Equivalency Tables). The Guidelines mandate a base offense level of 26 for an amount of marijuana between 100 and 400 kilograms, U.S.S.G. Sec. 2D1.1(c)(7), which was the same base offense level (26) employed by the trial court in arriving at Colberg's sentence by using a 50% conversion factor of 750 grams of methcathinone (1,500 grams of ephedrine X .50 = 750 grams of methcathinone) which equals 285 kilograms of marijuana (750 grams X 380 grams = 285 kilograms).
 
 
 6
 In assessing Langson's sentence, the quantification computation performed with reference to the .378 factor would be 21,000 ephedrine doses X 25 milligrams = 525 grams of ephedrine; 525 X .378 = 198.45 grams of methcathinone; 198.45 grams X 380 grams of marijuana = 75.411 kilograms of marijuana. U.S.S.G. Sec. 2D1.1(c)(9) provides for a base offense level of 22 for a weight between 60 and 80 kilograms of marijuana. However, the district court had sentenced Langson upon a base offense level of 24, determined by implementation of the 50% conversion factor (525 grams of ephedrine X .50 = 262.5 grams of methcathinone, which equated to 99.75 kilograms of marijuana [262.5 grams X 380 grams = 99.75 kilograms]. U.S.S.G. Sec. 2D1.1(c)(8).
 
 
 7
 Applying the .387 conversion constant to tabulate Ruiz's base offense level produces the following equations: 93,000 ephedrine capsules[4] X 25 milligrams of ephedrine per unit = 2,325 grams of ephedrine; 2,325 grams X .387 = 899.775 grams of methcathinone; 899.775 X 380 grams of marijuana = 341.9145 kilograms of marijuana. Pursuant to U.S.S.G. Sec. 2D1.1(c)(7), between 100 and 400 kilograms of marijuana carries a base offense level of 26. By contrast, the district court sentenced Ruiz upon a base offense level of 28. The trial court had found that Ruiz was responsible for 1,125.9 grams of methcathinone, which converted into 427.842 kilograms of marijuana,[5] which under U.S.S.G. Sec. 2D1.1(c)(6) triggered a base offense level of 28.
 
 
 8
 Accordingly, the sentences of Langson and Ruiz must be vacated and their cases remanded for resentencing. By contrast, the sentence of Colberg is unassailable by the defendant, as his base offense level would be the same even if the 37.8% conversion factor had been utilized. Pursuant to the pronouncements of Mahaffey, upon remand of the cases of Langson and Ruiz the trial court may consider additional evidence to determine if the Ruiz laboratory had an actual productive capacity in excess of 37.8%.
 
 
 9
 This court, having carefully considered the briefs and the record herein, and having had the benefit of oral argument, concludes that the remainder of the assignments of error charged by the defendants are without merit.
 
 
 10
 Accordingly, the convictions of Colberg and Langson, and the sentence of Colberg, are hereby AFFIRMED. The sentences of Langson and Ruiz are hereby VACATED, and their cases are hereby REMANDED to the district court for resentencing in a manner which is consistent with this opinion, and for such further appropriate proceedings as are consistent with this opinion.
 
 
 
 [1]
 Prior to May 1, 1992, this stimulant was categorized as a Schedule 1 controlled substance analogue of methamphetamine, the manufacture or possession with intent to distribute of which was criminal only to the extent that such analogue was intended for human consumption. 21 U.S.C. Sec. 813. Effective May 1, 1992, methcathinone was added to the Schedule 1 controlled substance list. 21 U.S.C. Sec. 812 & 21 C.F.R. Sec. 1308.11(f)(4). Accordingly, after May 1, 1992, the manufacture or possession with intent to distribute of methcathinone was criminalized even in the absence of proof that the substance was intended for human consumption. 21 U.S.C. Sec. 841(a)(1). See Stipulation, J.App. at 619
 
 
 [2]
 Methcathinone can be synthesized in a crude home laboratory through a simple process involving readily available substances. In the instant case, the conspirators used tablets which each contained 25 milligrams of ephedrine. The amount of methcathinone which can be produced from a given quantity of ephedrine will vary depending upon a variety of factors, including the type of laboratory involved and the precise recipe followed by the "cooker." See United States v. Mahaffey, 53 F.3d 128, 133 (6th Cir.1995)
 
 
 [3]
 The Supreme Court has dictated that new rules promulgated in court decisions issued while a criminal case is pending on direct appeal must be applied upon review of that case. Griffith v. Kentucky, 107 S.Ct. 708, 711-16 (1987); Brecht v. Abrahamson, 113 S.Ct. 1710, 1720 (1993)
 
 
 [4]
 This figure represents 81,000 ephedrine tablets charged by the lower court against Ruiz at the 50% conversion rate, plus 12,000 units which the district court had calculated at the 38.7% conversion factor, as discussed above
 
 
 [5]
 The district court calculated the narcotics weight chargeable against Ruiz as follows: 81,000 ephedrine tablets X 25 milligrams of ephedrine per capsule = 2,025 grams of ephedrine; 2,025 grams X .50 = 1,012.5 grams of methcathinone; 1,012.5 grams + 113.4 grams (the four ounces which Ruiz admitted that he produced in his laboratory from an additional 12,000 ephedrine pills) = 1,125.9 grams of methcathinone; 1,125.9 grams X 380 grams = 427.842 grams of marijuana